CLINTON *vs.* J. S. & W. BROWN.

By a written contract between the parties, for the purchase by the defendants of a quantity of first sort hops, from the plaintiff, the hops were to be inspected and branded by S. and delivered in New York on or before the 20th of November, 1860, and paid for by draft on the defendants, at thirty days, &c.   The hops were in fact inspected by S. and pronounced by him to be of the first sort, but were not branded as such by him.   On the plaintiff's agent offering to telegraph to S. for permission to put his brand on the bales, one of the defendants said that they (the defendants) would not require it, or that it would make no difference.  *Held* that the referee was

right in holding as matter of law, that the defendants were estopped from insisting upon the omission to brand the hops, as a defense to an action for the price.

*Held*, also, that the written contract having made the inspection and determination of S. conclusive upon the parties, as to the quality or grade of the hops, the defendants could not be allowed to show, in such action, that the hops, when inspected by him, were of a quality inferior to that specified in the agreement.

APPEAL from a judgment entered on the report of a referee. The action was brought to recover the contract price of one hundred and fifty bales of hops, under a written contract signed by the defendants, in these words :

" In consideration of the sum of one dollar, the receipt of which is hereby acknowledged, we have this day bought of William M. Clinton, of the town of Hartwick, Otsego county, one hundred and fifty bales of first sort New York state hops, said hops being a lot of hops of which he has the refusal of Roger Bamber, until the 15th of November next. In case the quantity of which he has the refusal should fall short of 150 bales, Mr. Clinton agrees to make up the quantity short of that amount, or if it runs over he agrees to deduct the same if required ; said hops to be inspected by John F. Scott, Esq. ; and all the hops said Scott inspects and brands first sort to be paid for at the rate of twenty-nine cents per pound, and all that he inspects prime to be paid for at the rate of thirty-one cents per pound ; said hops to be delivered in the city of New York, on or before the 20th day of November next, and paid for by draft upon us at thirty days, or other satisfactory payment ; said hops to be of the growth of 1860.

New York, October 25th, 1860."

A counterpart of this agreement, signed by the plaintiff, was set out in the answer, as follows :

" In consideration of the sum of one dollar, the receipt of which is hereby acknowledged, I have this day sold J. S. & W. Brown, (the defendants) of this city, one hundred and fifty bales of first sort New York state hops, said hops being a lot of hops, of which I have the refusal of Roger Bamber,

until the 15th of November next. In case the quantity of which I have the refusal should fall short of one hundred and fifty bales, I agree to make up the quantity short of that amount, or if it runs over, I agree to deduct the same if required; said hops to be inspected by John F. Scott, Esq. and all the hops said Scott inspects and brands first sort, to be paid for at the rate of twenty-nine cents per pound, and all he inspects prime, to be paid for at the rate of thirty-one cents per pound, said hops to be delivered in the city of New York on or before the 20th of November next, and paid for by draft upon them for thirty days, or other satisfactory payment; said hops to be of the growth of 1860.

New York, October 25th, 1860."

The defendants admitted the making of the contract, but averred, as a defense, amongst other things, that the hops delivered in New York by the plaintiff, in pretended fulfillment of the contract, were not branded by the inspector named therein, nor inspected by him; and that they were not first sort hops in fact, and that the defendants never accepted, and refused to receive the hops under the contract.

The referee reported in favor of the plaintiff for $9758.69.

*William M. Evarts*, for the appellants.

*Levi S. Chatfield*, for the respondent.

*By the Court*, SUTHERLAND, P. J. By the written contract, the hops were to be inspected and branded by John F. Scott, and delivered in the city of New York, on or before the 20th November, 1860, and paid for by draft on the defendants at thirty days, or other satisfactory payment made. The hops were in fact inspected and pronounced by John F. Scott to be first sort, but were not branded as such by him. This was alleged in the complaint, can hardly be said to have been denied by the answer, appears to have been conceded on the trial, and was found by the referee. Whether the conversation between C. W. Buel and John S. Brown, about

Clinton *v.* Brown.

telegraphing to Scott for permission to put his brand on the hops, took place on the 20th of November, the last day for the delivery of the hops by the written contract, or subsequently, on the 21st or 22d; and whether such conversation was as stated by C. W. Buel and L. P. Perkins, the plaintiff's witnesses, or as stated by the defendant Brown, and two or three others, were questions of fact, as to which the evidence was conflicting. The evidence of one of the defendants' witnesses, Smith, tended strongly to support the evidence of Buel and Perkins. The referee found as a fact, that on the 20th of November, about 11 A. M. the plaintiff's agent (C. W. Buel) on his attention being called to the provision of the contract requiring the hops to be branded by Scott, offered to telegraph for permission to put the brand on, there being telegraphic communication between New York city, where the offer was made, and Cooperstown, where the inspector resided, and that the defendant John S. Brown, to prevent his doing so, stated, in substance, that they (the defendants) would not require it, or that it would make no difference, and thus prevented their being branded. This finding by the referee must be deemed conclusive between the parties, as to the questions of fact above stated.

Having found on these questions of fact against the defendants, I think the referee was clearly right in holding as matter of law, that the defendants were estopped from insisting upon the omission to brand, as a defense. It is to be presumed that if the defendant Brown had not waived the branding, Buel might and would have telegraphed as he proposed, and that he would probably have obtained Scott's authority to brand. He must be supposed to know enough of telegraphic operations to authorize us to presume, if Brown had insisted upon the branding, that Buel might by telegraph have obtained Scott's permission to brand, in time to have branded the hops, and to have delivered them branded, on the 20th of November, according to the contract.

I think the evidence offered by the defendants, to show

that the hops, when they arrived in New York, and on the 20th day of November, 1860, when offered to the defendants, had been injured by heating, and were of inferior quality to first sort, and worth less, was properly excluded by the referee. The offer was not to show that the hops had been injured by heating or otherwise, after they had been inspected by Scott and passed by him as first sort. It was not pretended that the bales had been opened and the hops examined after they arrived in New York. The inference from the evidence is, that when the conversation between Buel and Brown as to the hops not being branded &c. took place in New York, the bales had not been opened, or the hops examined there. The whole case shows that the only ground upon which the defendants declined receiving the hops and paying for them was, that they had not been branded, as required by the contract. It is plain that the referee and the counsel for the plaintiff understood and had a right to understand, the offer of the defendants to show the inferior quality of the hops, as substantially an offer to show that the hops, when inspected by Scott, were of a quality inferior to first sort. The witness Dunkle, by whom the defendants offered to show this, resided in Schoharie county, was a farmer, and it was not pretended that he had seen the hops after they were inspected by Scott.

As to the quality or grade of the hops when inspected by Scott, the written contract made his inspection and determination conclusive upon the parties. I think the referee was right in holding the contract price to be the rule of damages.

The defendants actually received the hops into their store, and had them at the time of the trial, if they had not disposed of them.

Having examined all the material grounds urged on the part of the defendants for a reversal of the judgment and a new trial, I am of the opinion that the judgment should be affirmed with costs.

[NEW YORK GENERAL TERM, November 2, 1863. *Sutherland, Leonard* and *Barnard,* Justices.]